UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF KENTUCKY
ASHLAND DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 02-14261 |
| | ) | |
| HNRC DISSOLUTION CO. f/k/a | ) | Chapter 11 |
| HORIZON NATURAL RESOURCES | ) | |
| COMPANY, et al., | ) | |
| | ) | Honorable William S. Howard |
| Debtors. | ) | United States Bankruptcy Judge |
| | ) | |
| | ) | |
| GEOFFREY L. BERMAN, solely in his | ) | Adv. Pro. No. |
| capacity as the Liquidating Trustee of the | ) | |
| HNR Liquidating Trust, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| SETCO, | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT TO AVOID AND RECOVER PREFERENTIAL TRANSFERS

The Plaintiff, Geoffrey L. Berman, solely in his capacity as the Liquidating Trustee of the HNR Liquidating Trust (the "Plaintiff"), by his attorneys, Foley & Lardner LLP, pursuant to Sections 544, 547, and 550 of the United States Bankruptcy Code, 11 U.S.C. §§ 101-1330 (the "Bankruptcy Code"), Rule 7001(1) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Kentucky Revised Statute 378.060, for his Complaint to Avoid and Recover Preferential Transfers (the "Complaint") against SETCO (the "Defendant"), states and alleges as follows:

### INTRODUCTION

1.      This is an adversary proceeding filed pursuant to Sections 544, 547 and 550 of the Bankruptcy Code, Bankruptcy Rule 7001(1), and Kentucky Revised Statute 378.060, to avoid

011.1225984.1

and recover certain preferential transfers made by the Debtors (as that term is defined herein) to or for the benefit of the Defendant. Moreover, pursuant to Section 502(d) of the Bankruptcy Code, the Plaintiff seeks to disallow any claims asserted by the Defendant against the Debtors' estates until the Defendant has paid to the Plaintiff all amounts received as preferential transfers.

## THE PARTIES

2. The Plaintiff is the Liquidating Trustee of the HNR Liquidating Trust.

3. The Defendant is SETCO.

## JURISDICTION AND VENUE

4. The United States Bankruptcy Court for the Eastern District of Kentucky (this "Bankruptcy Court") has subject matter jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 157 and 1334 and Bankruptcy Rule 7001(1).

5. This proceeding is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(1) and 157(b)(2)(B), (F), and (O).

6. Venue for this proceeding is proper in this district pursuant to 28 U.S.C. § 1409.

7. The statutory predicates for the relief requested herein are Sections 502(d), 544, 547, and 550 of the Bankruptcy Code, and Kentucky Revised Statute 378.060.

## RELEVANT BACKGROUND

8. On November 13, 2002 and November 14, 2002 (the "Petition Dates"), Aceco, Inc., Evergreen Mining Company, Highland Coal, Inc., Leslie Resources Management, Inc., Mining Technologies, Inc., Mountain-Clay, Inc., Pro-Land, Inc. River Coal Company, Inc. RP Terminal, LLC and Turris Coal Company (collectively, the "Reorganizing Debtors") filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.

9. Also on the Petition Dates, HNRC Dissolution Company, f/k/a Horizon Natural Resources Company, 17 West Mining, Inc., Americoal Development Company, Appalachian

2

011.1225984.1

Realty Company, Ayrshire Land Company, Bassco Valley, LLC, Beech Coal Company, Bentley Coal Company, Bluegrass Coal Development Company, Bowie Resources Limited, Cannelton Inc., Cannelton Industries, Inc., Cannelton Land Company, Cannelton Sales Company, CC Coal Company, Coal Ventures Holding Company, Inc., Dunn Coal & Dock Company, East Kentucky Energy Corporation, Employee Benefits Management, Inc., Employee Claims Administration, LLC, EnerZ Corporation, Evergreen Mining Company, Fairview Land Company, Flanary Branch Coal Co., Inc., Franklin Coal Sales Company, G.E.C., Inc., Grassy Cove Coal Mining Company, Hayman Holdings, Inc., Heritage Mining Company, HNR Mining, Inc., Horizon Blue Creek Coal Company, Horizon Finance Corp., Horizon Natural Resources Holding Company, LLC, Horizon Natural Resources Sales Company, Horizon NR, LLC, Ikerd-Bandy Co., Inc., Kanawha Corporation, Kentucky Prince Mining Company, Kermit Coal Company, Kindill Holding, Inc., Kindill Mining, Inc., Leslie Resources, Inc., McCoy Coal Company, Meadowlark, Inc., Mega Minerals, Inc., Mid-Vol Leasing, Inc., Midwest Coal Company, Midwest Coal Sales Company, Mountain Coals Corporation, Mountaineer Coal Development Company, Old Ben Coal Company, Phoenix Land Company, Premium Processing, Inc., Princess Beverly Coal Company, Princess Beverly Coal Holding Company, Inc., Red Ridge Mining, Inc., Roaring Creek Coal Company, Shipyard River Coal Terminal Company, Skyline Coal Company, Straight Creek Coal Resources Company, Sunny Ridge Enterprises, Inc., Sunny Ridge Mining Company, Inc., Tennessee Mining, Inc., Tucker Mining Company, and West Virginia-Indiana Coal Holding, (collectively the "Liquidating Debtors" and, together with the Reorganizing Debtors, the "Debtors") filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.

10.     On November 18, 2002, the Bankruptcy Court entered an Order directing the joint administration of the Debtors' chapter 11 cases.

3

011.1225984.1

11. On September 17, 2004, the Bankruptcy Court entered two separate Orders (the "Confirmation Orders") confirming: (a) the Reorganizing Debtors' Third Amended Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code; and (b) the Liquidating Debtors' Third Amended Joint Liquidating Plan Under Chapter 11 of the Bankruptcy Code (together, the "Plans"). Pursuant to the Plans, the Confirmation Orders and the Liquidating Trust Agreement executed by the Plaintiff and the Debtors (the "Liquidating Trust Agreement"), the Plaintiff was appointed as the Liquidating Trustee of the HNR Liquidating Trust as of October 1, 2004.

12. Pursuant to the Plans, the Confirmation Orders and the Liquidating Trust Agreement, the Plaintiff has the exclusive power to prosecute all claims of the Reorganizing Debtors and the Liquidating Debtors brought under Sections 544, 547, and 550 of the Bankruptcy Code and Kentucky Revised Statute 378.060.

## COUNT I
## AVOIDANCE AND RECOVERY OF PREFERENTIAL TRANSFERS UNDER 11 U.S.C. §§ 547 and 550 – LIQUIDATING DEBTORS

13. The Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 12 above as though fully set forth herein.

14. One or more of the Liquidating Debtors made transfers totaling $44,100.00 (the "LD Transfers") to or for the benefit of the Defendant within 90 days of the Petition Dates. The table attached hereto as Exhibit A details the date and amount of the LD Transfers.

15. The LD Transfers are avoidable pursuant to Section 547(b) of the Bankruptcy Code because each such transfer: (a) was a transfer of an interest of a Liquidating Debtor in property; (b) was to or for the benefit of a creditor; (c) was for or on account of an antecedent debt owed by such Liquidating Debtor before such transfer was made; (d) was made while such Liquidating Debtor was insolvent; (e) was made on or within 90 days before the Petition Dates;

4

and (f) enabled Defendant to receive more than Defendant would have received if the Liquidating Debtors' cases had been filed as chapter 7 cases, had the transfer not been made, and had Defendant received payment of such debt to the extent provided by the provisions of the Bankruptcy Code.

16. The Defendant was the initial transferee of the LD Transfers pursuant to Section 550(a)(1) of the Bankruptcy Code.

17. Pursuant to Section 550(a)(1) of the Bankruptcy Code, the Plaintiff may recover the LD Transfers from the Defendant.

WHEREFORE, the Plaintiff hereby requests that this Bankruptcy Court enter judgment in the Plaintiff's favor and against the Defendant on Count I as follows:

(a) declaring that the LD Transfers are avoidable preferences pursuant to Section 547 of the Bankruptcy Code;

(b) ordering the Defendant to pay to the Plaintiff the amount of the LD Transfers, together with interest from the date of the filing of this Complaint, pursuant to Section 550 of the Bankruptcy Code;

(c) awarding the Plaintiff his reasonable attorneys' fees and costs incurred in the prosecution of this Complaint; and

(d) awarding the Plaintiff such other and further relief as this Bankruptcy Court deems just and proper.

### COUNT II
### AVOIDANCE AND RECOVERY OF TRANSFERS
### UNDER 11 U.S.C. § 544(b) AND K.R.S. 378.060 – LIQUIDATING DEBTORS

18. The Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 17 above as though fully set forth herein.

011.1225984.1

19. One or more of the Liquidating Debtors made the LD Transfers to or for the benefit of the Defendant within 90 days of the Petition Dates. See Paragraph 14 and Exhibit A herein.

20. On information and belief, in addition to the LD Transfers, the Liquidating Debtors also made additional transfers to or for the benefit of the Defendant between 91 and 180 days prior to the Petition Dates (the "LD Kentucky 91-180 Transfers," collectively with the LD Transfers, the "LD Kentucky Transfers.")

21. The LD Kentucky Transfers are avoidable pursuant to Section 544(b) of the Bankruptcy Code and Kentucky Revised Statute 378.060 because each such transfer: (a) was a transfer of an interest of a Liquidating Debtor in property; (b) was to or for the benefit of a creditor; (c) was for or on account of an antecedent debt owed by such Liquidating Debtor before such transfer was made; (d) was made while such Liquidating Debtor was insolvent and when such Liquidating Debtor either knew it was insolvent or reasonably should have known that it was insolvent; (e) was made in contemplation of insolvency and with the design to prefer or favor the Defendant to the exclusion of detriment, in whole or in part, of other creditors; (f) was made on or within 180 days before the Petition Dates; (g) is voidable under applicable law by a creditor holding an unsecured claim that is allowable under Section 502 of chapter 11 of the Bankruptcy Code or that is not allowable only under Section 502(e) of chapter 11 of the Bankruptcy Code; and (h) enabled Defendant to receive more than Defendant would have received if the Liquidating Debtors' cases had been filed as chapter 7 cases, had the transfer not been made, and had Defendant received payment of such debt to the extent provided by the provisions of the Bankruptcy Code.

011.1225984.1

22.     The Defendant was the initial transferee of the LD Kentucky Transfers pursuant to Section 550(a)(1) of the Bankruptcy Code.

23.     Pursuant to Section 550(a)(1) of the Bankruptcy Code, the Plaintiff may recover the LD Kentucky Transfers from the Defendant.

WHEREFORE, the Plaintiff hereby requests that this Bankruptcy Court enter judgment in the Plaintiff's favor and against the Defendant on Count II as follows:

(a) declaring that the LD Kentucky Transfers are avoidable preferences pursuant Section 544(b) of the Bankruptcy Code and Kentucky Revised Statute 378.060;

(b) ordering the Defendant to pay to the Plaintiff the amount of the LD Kentucky Transfers, together with interest from the date of the filing of this Complaint, pursuant to Section 550 of the Bankruptcy Code;

(c) awarding the Plaintiff his reasonable attorneys' fees and costs incurred in the prosecution of this Complaint; and

(d) awarding the Plaintiff such other and further relief as this Bankruptcy Court deems just and proper.

## COUNT III
## DISALLOWANCE OF CLAIMS

24.     The Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 23 above as though fully set forth herein.

25.     Pursuant to Section 502(d) of the Bankruptcy Code, "the court shall disallow any claim of any entity from which property is recoverable under section 542, 543, 550, or 553 of this title . . . unless such entity or transferee has paid the amount, or turned over any such property, for which such entity or transferee is liable under section 522(i), 542, 543, 550, or 553 of this title."

7

26.  Any claims of the Defendant asserted against the Debtors' estates should be disallowed until full payment and/or turnover of the amount(s) of the LD Transfers and the LD Kentucky Transfers are made to the Plaintiff.

WHEREFORE, the Plaintiff hereby requests that this Bankruptcy Court enter judgment in the Plaintiff's favor and against the Defendant on Count III as follows:

(a) pursuant to Section 502(d) of the Bankruptcy Code, disallowing any claims asserted by the Defendant against the Debtors' estates until such time as the Defendant has paid to the Plaintiff all amounts received as preferential transfers set forth in Counts I and II herein;

(b) awarding the Plaintiff his reasonable attorneys' fees and costs incurred in the prosecution of this Complaint; and

(c) awarding the Plaintiff such other and further relief as this Bankruptcy Court deems just and proper.

Respectfully submitted,

Geoffrey L. Berman, solely in his capacity as the
Liquidating Trustee of the HNR Liquidating Trust

By: s/ Nathan L. Strup
   Edward J. Green (Ill. Bar No. 6225069)
   Geoffrey S. Goodman (Ill. Bar No. 6272297)
   Nathan L. Strup (Ill. Bar No. 6278549)
   FOLEY & LARDNER LLP
   321 North Clark Street, Suite 2800
   Chicago, IL 60610
   (312) 832-4500 Telephone
   (312) 832-4700 Facsimile

011.1225984.1

**Horizon Natural Resources**
**VENDOR:   SETCO (4514)**
**Total Amount of Transfer:   $44,100.00**
**Liquidating Plan**

| Check Date | Check Number | Check Amount | Invoice Number | Invoice Amount Paid | Account Entity |
|---|---|---|---|---|---|
| 09/04/02 | 14800 | 26,250.00 | 65274 | 26,250.00 | Mining Technologies, Inc. |
| 11/08/02 | 9000400 | 17,850.00 | 66275 | 10,200.00 | Mining Technologies, Inc. |
| 11/08/02 | 9000400 | 17,850.00 | 66227 | 7,650.00 | Mining Technologies, Inc. |



EXHIBIT A